CANNON RIVER MANUFACTURERS' ASSOCIATION *vs.* FIRST NATIONAL BANK
OF FARIBAULT.

November 7, 1887.

**Bailment of Money to be Paid to Third Person—Duty of Bailee.**—Facts
*held* not to show want of proper care before paying over money on the
part of a bailee, with whom it had been deposited to be paid to a person
on his leaving with the bailee certain conveyances and other instruments
for the benefit of the bailor; the secretary of the bailor (a corporation)
having certified to their sufficiency within the terms of the deposit, though
they were in fact not in form such as those terms required.

The plaintiff brought this action in the district court for Rice
county, to recover the sum of $6,666.67 deposited by it with the de-
fendant as recited in the opinion, alleging that L. Z. Rogers, men-
tioned in the opinion, did not deliver to defendant the conveyance
provided for in the receipt, on or before March 15, 1885. The an-
swer admitted the making of a deposit for the purposes stated, and
alleged that on or about March 6, 1885, Rogers duly delivered to de-
fendant, for plaintiff, the conveyance, tax certificates, and release
mentioned in the receipt, and that defendant immediately delivered
the same to plaintiff, who accepted them, and that defendant there-
upon paid to Rogers the sum deposited. The action was tried, with-
out a jury, by *Buckham*, J., whose findings of facts were in substance
as follows: On November 3, 1884, the plaintiff deposited $6,666.67
with the defendant, for the purposes expressed in the resolution and
receipt recited in the opinion. At the time of making such deposit
the title to most of the premises referred to in such resolution was in
one Steele, and L. Z. Rogers held a mortgage thereon, which had
been foreclosed or attempted to be foreclosed by advertisement, the
time for redemption on which foreclosure would expire on March 1,
1885; and the deposit by the plaintiff was made in pursuance of a
contract for the purchase of the premises by the plaintiff from Rog-
ers after the time for redemption should have expired. On March
7, 1885, Rogers tendered to Clement, the defendant's president, a
warranty deed, purporting to convey to the plaintiff the premises men-

tioned in the resolution and all the tax certificates held by said Rogers upon the same, and a certified copy of a resolution of the board of directors of the Wisconsin, Minnesota & Pacific Railroad Company, purporting to be a compliance with the requirements of the resolution under which the deposit was made.    Rogers claimed full performance on his part, and demanded payment of the money.    Thereupon, upon the request of Clement, Rogers submitted the papers to the plaintiff's secretary, who retained the same, and, having made the indorsement recited in the opinion upon the receipt given by the defendant, delivered such receipt to Rogers, who thereupon surrendered the same to the defendant, and received from defendant the sum deposited.    At the time of the surrender of the receipt by the plaintiff's secretary, he had no authority to do so, except such as he possessed, if any, by virtue of his office, and Clement had no notice or knowledge of the extent of the secretary's authority or of his failure to consult the plaintiff's directors.    Clement acted in good faith, in the belief that the papers conveyed to plaintiff a good title and contained the release called for by the resolution, and were a full compliance with its requirements, and had been received and accepted as such by the plaintiff.    On March 7, 1885, plaintiff's secretary submitted the papers to the regular counsel of the plaintiff, and, after investigation by him, the plaintiff's directors passed a resolution refusing to accept the papers as a compliance with the terms or conditions of the resolution and receipt, and directed their secretary to return them to the defendant and demand back the receipt, which was done.    The title claimed by Rogers under the foreclosure was in fact invalid, and his deed did not pass a good title, because of variance between the description contained in the mortgage and that contained in the foreclosure proceedings.    Such defect was not discovered by the plaintiff or by Clement or Rogers, or known to either or any of them, till during the progress of the trial and the examination of the papers thereat.    The ground of plaintiff's objection to the deed delivered to its secretary and to the title conveyed by it, so far as such ground of objection was ever before such trial made known to the defendant or to Rogers, was a pretended redemption from the foreclosure by one Small, claiming to be a creditor of Steele and to have the right to redeem from the fore-

closure sale, and to have made such redemption; which right did not in fact exist, and which pretended redemption was in fact wholly void. The resolution deposited by Rogers was imperfect and defective in form and did not follow the terms of plaintiff's resolution, but it was effectual for the purpose intended and was passed at the request of Rogers for that purpose, and has always been acquiesced in by the railroad company and acted on by the plaintiff as an effectual and valid release on the part of the railroad company. Afterwards, and before the trial of this action, Rogers acquired title in fee, free from all incumbrances, to the premises mentioned in plaintiff's resolution, and duly executed a warranty deed therefor, his wife joining therein, to the plaintiff, and tendered the same. The tender was refused and the deed was on the trial produced and deposited in court for the use of the plaintiff. Before the trial Rogers procured a duly-certified copy of a resolution of the board of directors of the Wisconsin, Minnesota & Pacific Railroad Company, in all respects complying with the terms of plaintiff's resolution, and duly tendered the same to the plaintiff.

As conclusions of law the court found that the defendant, as agent and bailee of the plaintiff, acting without compensation, used all the diligence incumbent on it in the premises, and was not guilty of negligence; that the plaintiff has suffered no actual damage, and that defendant was entitled to judgment, which was entered, and the plaintiff appealed.

*Baxter, Townley & Gale,* for appellant.

*Geo. W. Batchelder,* for respondent.

GILFILLAN, C. J.    The plaintiff deposited with the defendant $6,666.67, accompanied with, and for the purposes expressed in, a resolution of its board of directors as follows: "Resolved, that the treasurer of this association forthwith deposit with the First National Bank of Faribault the sum of six thousand six hundred and sixty-six dollars and sixty-seven cents, ($6,666.67,) to be paid over to L. Z. Rogers, provided said Rogers shall, on or before March 15, 1885, deposit with said bank, for said association, a good and sufficient warranty deed, conveying free from incumbrance to said association, its successors and assigns, the Waterville mill property, described in a certain mortgage executed by William Clark to Luther Z. Rogers, and

recorded in the office of register of deeds of Le Sueur county, Minnesota, January 5, 1881, in Book "T" of Mortgages, on pages 476, 477, and of lot No. 1, in section No. 22, town 109 north, of range No. 23 west; together with all tax certificates now held by said Rogers upon or concerning said lands above-mentioned, and a duly-certified copy of a resolution of the board of directors of the Wisconsin, Minnesota & Pacific Railroad Company, releasing said association from all and singular the covenants and obligations of each and every agreement entered into between this association and the Minnesota Central Railroad Company, (now the Wisconsin, Minnesota & Pacific Railroad Company,) concerning the application of the proceeds of the land grant to said association." And thereupon defendant gave plaintiff the following receipt:

"Received of the Cannon River Manufacturing Association check of E. T. Archibald on First National Bank of Northfield for $6,666.67, the proceeds of which are to be held by us to be paid to L. Z. Rogers, subject to, and on performance by him of, the conditions and terms of the resolution of the board of directors of said Association, passed November 3, 1884, a copy of which resolution accompanies said check.
    "November 3, 1884.                     T. B. CLEMENT,
            "President First National Bank of Faribault."

As it is claimed by the plaintiff that the terms of this deposit, as expressed in the resolution, made it the duty of defendant, before delivering the money to Rogers, to see to it that his deed did in fact convey good title, free from incumbrances,—that is, that his title was good, and the lands free from incumbrances,—we will say, though perhaps not strictly necessary to the decision of the case in the view we take of it, that we do not think such to be the effect of the instrument. It is to be presumed that the plaintiff had agreed with Rogers for the conveyance, and had satisfied itself that his deed of conveyance, such as the resolution describes, would give it what it desired. All that it could expect of the defendant was that it should see that Rogers should deposit (with the release and other papers specified) his warranty deed in terms conveying the land free from incum-

brances. The relation created between the parties was that of bailor and bailee, the defendant becoming a gratuitous bailee, receiving no compensation for, and having no interest of its own in the purposes of, the bailment. It accepted the bailment merely for the accommodation of the plaintiff, and in performing the purposes of the bailment it was responsible only for the care and diligence required of such bailees.

It is, so far as this case requires, unnecessary to determine whether there was imposed on defendant the duty of slight diligence, or ordinary diligence, or the diligence of a good business man. It is not easy, nor generally profitable, to define or point out the somewhat hazy distinction between these several degrees of diligence. The action of defendant complied with the most exacting of them.

On the 7th of March, 1885, Rogers tendered to the defendant a warranty deed, the tax certificates held by him, and a resolution of the board of directors of the railroad company referred to in plaintiff's resolution, releasing plaintiff from all claims of the railroad company under and by virtue of a certain resolution of the board of directors of its predecessor or grantor, and demanded payment of the $6,666.67. It seems conceded that the deed was defective in the description of one of the pieces of real estate described in plaintiff's resolution, and also that the resolution of the railroad company did not cover all its claims against the plaintiff. The defendant, by its president, to whom such papers were presented, thereupon required Rogers to submit them to plaintiff, and he took them to the then secretary of plaintiff, who then had defendant's receipt, and who retained the papers, indorsed on the receipt as follows:

"NORTHFIELD, MINN., March 7, 1885.

"T. B. Clement, president of the First National Bank of Faribault, has delivered to me, L. Z. Rogers' warranty deed, dated March 6, 1885, to the Cannon River Manufacturers' Association, of the Waterville Mill property, as acquired by foreclosure of the William Clark mortgage thereon, and of lot No. 1, section 22, 109, 23, with tax certificates on said mill property, and the resolution of the Wisconsin, Minnesota & Pacific Railway Company, abrogating resolutions of Min-

nesota Central Railroad Company, in settlement of this receipt, which is hereby surrendered.                    J. R. SUMNER,

"Secretary Cannon River Manufacturers' Association."

—And delivered the receipt so indorsed to Rogers, and he delivered it to plaintiff's president, and the latter thereupon paid the money to Rogers, acting in good faith, and under the belief that the papers were such as were required by the terms of the deposit, and were satisfactory to the plaintiff. On the 18th of March, plaintiff's board of directors passed a resolution directing its secretary, Sumner, to return the papers to the defendant, and demand a return of the receipt. The only objections to the papers expressed in this resolution were that "Rogers was not legally seized of the lands," and that "said release is informal and insufficient." It appears that between the 7th and 18th of March the papers had been submitted to the regular legal counsel of plaintiff, and the resolution designated such counsel and another a committee to examine and ascertain if the instruments were in fact "a good and sufficient conveyance of said premises, and a good and sufficient release, in compliance with said resolution." It is found as a fact that the resolution of release by the railroad company, though not in the terms of the resolution making the deposit, was effectual for the purpose intended. What was the defect in the description of the land in the deed does not appear from the paper book, but it is found as a fact that it was not discovered by the plaintiff or Clement or Rogers, or known to either of them, till during the progress of the trial.

It would seem a hard measure of care to apply to defendant to hold it liable for failing to discover defects in the deed that escaped detection by plaintiff and its lawyer, after it was submitted to him to ascertain its sufficiency. And although plaintiff's secretary might not have authority to waive any of plaintiff's rights, yet the defendant might, in the exercise of proper care, assume that he would know whether the instruments effected substantially what the plaintiff desired, or that, if he did not know, he would, before acting on the papers, consult those officers of the plaintiff who did know. We think any ordinarily careful business man situated as defendant was,

and having the same duty to perform, on receiving the receipt with the indorsement on it, would have done just as defendant did.

Judgment affirmed.